UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHELLE L.,

              Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

CASE NO. C20-5510-BAT

**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING**

Plaintiff appeals the ALJ's decision finding her not disabled. The ALJ found degenerative disc disease of the lumbar spine without stenosis; sarcoidosis of the lymph nodes status post dissection; sarcoidosis of the lung; diabetes mellitus type 2 with peripheral neuropathy; irritable bowel syndrome with diarrhea; migraine without aura, without status migrainous; carpal tunnel syndrome, right; and obesity are severe impairments; Plaintiff has the residual functional capacity (RFC) to perform sedentary work subject to a series of further limitations; and Plaintiff is not disabled because she can perform past relevant work as an administrative assistant. Tr. 184-92.

Plaintiff contends the ALJ erroneously discounted two medical opinions, and her testimony, and thus improperly assessed RFC. Dkt. 32. For the reasons below, the Court

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING - 1

**REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## DISCUSSION

The Court may reverse the Commissioner's denial of Social Security benefits only if the ALJ's decision is legally erroneous or not supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

**A.     Medical Opinions**

Under 20 C.F.R. § 416.920c(b)(2), (c), the ALJ considers the persuasiveness of the medical opinion using five factors (supportability, consistency, relationship with claimant, specialization, and other), with supportability and consistency being the two most important factors.  The decision must explain how the ALJ considered the factors of supportability and consistency, 20 C.F.R. § 416.920c(b), and must be supported by substantial evidence. Plaintiff contends the ALJ erroneously discounted the opinions of Dr. Gehrett and Dr. Radcliffe.

*1.     Joseph Gehrett, M.D.*

The ALJ noted Dr. Gehrett provided two medical opinions. The ALJ found Dr. Gehrett opined in December 2016 Plaintiff "had a number of medical issues requiring ongoing appointments and which caused absence from work on a frequent basis due to her medical conditions." Tr. 191. The ALJ found this opinion "not persuasive" because it "provided only a vague statement of absences from work, with no pinpointing of days or weeks missed" and "did not describe how the impairments adversely affected the claimant's ability to work." *Id*. Because the ALJ found the doctor's opinion vague, the ALJ should have but failed to develop the record by recontacting the doctor, who had treated Plaintiff since 2016. "The ALJ in a social security case has an independent duty to fully and fairly develop the record and to assure that the

claimant's interests are considered." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (cleaned up). "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to conduct an appropriate inquiry." *Id*. (cleaned up). This is exactly the situation here. Further, the doctor's opinion concerning Plaintiff's absences describes a functional limitation, not a vague comment not bearing on Plaintiff's ability to work. *See, e.g.*, *Rollins v. Massanari*, 261 F.3d 853, 859 (9th Cir. 2001) (Ferguson, J., dissenting) ("An ability to keep to an 8-hour a day, 5-day a week schedule without accumulating too many absences is a pre-requisite for many jobs."). This further reenforces the ALJ's obligation to develop the record rather than simply reject Gehrett's opinin.

The ALJ also noted Dr. Gehrett "completed a response to an accommodation form" in April 2017. Tr. 191. The ALJ found this opinion unpersuasive because it "did not provide objective medical evidence as to the impairments' alleged adverse effect on the claimant's ability to perform job functions." *Id*. However, the accommodation form did not call for a citation to "objective medical evidence." Rather, the accommodation form was, as Plaintiff argues, based on Dr. Gehrett's first-hand knowledge of Plaintiff, gained over the course of a multiyear treating history, which the ALJ did not acknowledge or discuss.

The Court notes the ALJ rejected Dr. Gehrett's opinion Plaintiff "could not sit for more than 20 minutes" as inconsistent with Plaintiff's "road trip to Las Vegas and the Grand Canyon" the "very next month." Tr. 191. It is unclear whether the road trip is or isn't consistent with Dr. Gehrett's opinion because although Plaintiff testified about her trips, the ALJ did not question her about for how long she was able to sit during the trips. Additionally, Dr. Gehrett opined "had a number of medical issues requiring ongoing appointments and which caused absence from work on a frequent basis." Thus even excluding the sitting limitation, Plaintiff has other limitations

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING - 3

which still must be reassessed. In sum, the Court concludes the ALJ erred in discounting Dr. Gehrett's opinions and must reassess the opinions on remand.

### 2. Kristopher Radcliffe, M.D.

The ALJ found Dr. Radcliffe completed a medical source statement in June 2017, in which he opined Plaintiff's foot pain caused her "to miss work and to leave work early" and required "the use of topical analgesics and opiate analgesics once or twice weekly." Tr. 191. The ALJ found this opinion "not persuasive." The ALJ viewed the opinion as inconsistent with "claimant walking in Las Vegas for two hours only one month earlier." *Id*. Substantial evidence does not support this ground. The single treatment note that the ALJ cites is not a model of clarity. *See* Tr. 1680 (treatment note indicating "[w]hile in Las Vegas [Plaintiff] noticed an area of bleeding *after* her walking, approximately 2 hrs per the patient) (emphasis added). Thus, it is unclear whether Plaintiff started bleeding after walking two hours or only noticed she was bleeding two hours after she walked for an unspecified time period. Plaintiff testified and clarified "2 hrs" was in fact an error. *See* Tr. 267 ("It was actually two blocks."); Tr. 268 ("it was actually a two block radius that it happened in").

As discussed below, the ALJ erroneously discounted Plaintiff's testimony. Thus, because the note was unclear and Plaintiff testified her foot problems occurred after walking two blocks, not two hours, the ALJ accordingly erred in discounting Dr. Radcliffe's opinions.

### 3. Other Medical Evidence

Plaintiff lists, seriatim, findings and notations of numerous medical providers. Dkt. 32 at 9-14. She states the findings of these sources support her testimony and the opinions of Dr. Gehrett and Dr. Radcliffe. *Id.* at 14. The Court rejects Plaintiff's conclusory statements as grounds to reverse the ALJ. Plaintiff bears the burden of showing the ALJ harmfully erred. *See*

*Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Plaintiff's conclusory statements are insufficient to meet this burden. *See Indep. Towers of Washington v. Washington*, 350 F.3d 925, 930 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court. …We require contentions to be accompanied by reasons."); *see generally Carmickle v. Commissioner*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address issues not argued with any specificity); *see also James M. v. Comm'r of Soc. Sec.*, 2020 WL 3605630, at *2 (W.D. Wash. July 2, 2020) ("[I]t is not enough merely to present an argument in the skimpiest way (i.e., listing the evidence), and leave the Court to do counsel's work—framing the argument, and putting flesh on its bones through a discussion of the applicable law and facts.").

**B.     Plaintiff's Testimony**

The ALJ found Plaintiff presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged and did not find malingering. Tr. 186-87. The ALJ was thus required to provide "specific, clear, and convincing" reasons supported by substantial evidence to discount Plaintiff's testimony. *Trevizo*, 871 F.3d at 678.

The ALJ discounted Plaintiff's testimony as inconsistent with the medical record. Tr. 187. However, because the ALJ erred in assessing critical medical evidence, as discussed above, this is not a valid ground to discount Plaintiff's testimony.

The ALJ also discounted Plaintiff's testimony as inconsistent with her activities, pointing to Plaintiff being able to "shop[] for food, household items, clothes, shoes, yard stuff and gifts" and taking a trip to the Grand Canyon and Las Vegas, where "she had gone walking for approximately two hours." Tr. 191. As to Plaintiff's shopping, these minimal activities do not undercut Plaintiff's claims. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This

court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (noting that a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits).

As to the ALJ's finding Plaintiff walked for two hours in Law Vegas, the finding is based upon a single unclear note in the medical record. As discussed above Plaintiff indicated the medical note indicating she walked for two hours was incorrect and that she walked for two blocks. Other than the note, there does not appear to be any independent evidence showing Plaintiff walked for two hours in Las Vegas or in any other location. The Court concludes substantial evidence does not support the ALJ's findings and the ALJ accordingly erred in discounting Plaintiff's testimony.

## CONCLUSION

Because the ALJ misevaluated the medical evidence and Plaintiff's testimony, the ALJ will necessarily need to determine, on remand, whether the RFC needs to be adjusted and its impact on the subsequent steps of the disability evaluation process. For this reason, the Court need not reach Plaintiff's assignment of error regarding the RFC. Similarly, because the Court remands this case, it need not reach Plaintiff's argument concerning evidence submitted to the Appeals Council, as that evidence should be assessed upon remand.

For the foregoing reasons, the Commissioner's final decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall reevaluate the opinions of Dr. Gehrett and Dr. Radcliffe, reassess Plaintiff's testimony, develop the record as appropriate including consideration of the evidence that was presented to the appeals council post-hearing, redetermine the RFC as needed and proceed to the remaining steps of the disability evaluation process.

DATED this 21st day of September, 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge